**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                            :
GULF HARBOUR INVESTMENTS                                     :    Case No.:
CORPORATION,                                                 :
                                                            :
                             Plaintiff,                      :    **COMPLAINT**
                                                            :
    -against—                                               :
                                                            :
CIT BANK, N.A.,                                              :
                                                            :
                             Defendant.                      :
                                                            :
------------------------------------------------------------x

      Gulf Harbour Investments Corporation ("GHIC"), by its attorney Gary Greenberg, Esq.,

as its complaint against CIT Bank, N.A. ("CIT") alleges as follows:

**The Parties**

      1.     GHIC is a corporation organized under the laws of the State of Delaware with its

principal place of business in Orlando, Florida.

      2.     On information and belief, CIT is a National Banking Association located in

Pasadena, California.  28 U.S.C. §1348.

**Jurisdiction & Venue**

      3.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that

there is complete diversity of citizenship between the plaintiff and defendant.

      4.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial

part of the events or omissions giving rise to the claim occurred in this District.

      5.     The amount in controversy is in excess of $75,000.

## Statement of Facts

**Summary of Claim**

6.      GHIC is in the business of investing in non-performing residential mortgages.  It purchases mortgages in quantity, at substantial discount, and hopes to recover amounts sufficient to make its investment worthwhile.  CIT, *inter alia*, is a loan servicer: it holds the underlying documents and computer data necessary to enable GHIC to enforce its rights in and to the purchased loans.

7.      On June 7, 2019, GHIC purchased 3,907 mortgage loans with a total outstanding principal balance of $312,262,472.22 from Deutsche Bank National Trust Company (the Mortgage Loans").  At the time of the purchase, CIT was the servicer of record for 2,866 of the Mortgage Loans (73.3%) with a total outstanding principal balance of $232,239,109.47.

8.      From at least April 2019 and continuing up to and after the closing date of the portfolio acquisition by GHIC in June 2019, multiple requests were made to CIT to participate in the sale of the portfolio and the associated servicing transfer.

9.      As servicer of the loans, CIT had a duty to provide the usual, customary and standard servicing transfer data to allow GHIC to properly enforce its rights in the Mortgage Loans.  However, CIT has failed and refused to provide the necessary transfer data.

10.      In addition, CIT is in possession of the loan documentation for a majority of the Mortgage Loans, but has failed and refused to comply with its obligation to transfer the documentation to GHIC.

11.      Without proper servicing transfer data and loan documentation, the Mortgage Loans cannot be enforced or collected by GHIC rendering them worthless.

12.      In addition, despite the fact that GHIC has title to the Mortgage Loans, CIT has, in many cases, issued satisfactions of mortgages, lien releases and IRS Form 1099-c (cancellation of debt) to borrowers, without the knowledge or consent of GHIC and has failed to disclose to GHIC the identity of the borrowers to which the satisfactions and 1099-c's have been issued.  This exposes GHIC to substantial risk if it attempts to collect on a loan released by CIT, including but not limited to legal exposure under consumer protection statutes such as the Fair Debt Collection Practices Act.

13.      Borrowers can also be harmed by CIT's actions.  For example, a borrower who received a satisfaction piece and 1099-c from CIT and subsequently attempted to obtain a new mortgage was unable to do so because GHIC's lien was still recorded against the property.

14.      As a result of CIT's past and continuing conduct, GHIC and borrowers are exposed to substantial and continuing risk and GHIC has already been damaged in an amount greatly in excess of $75,000.

**Facts Underlying the Claims**

15.      On June 7, 2019, GHIC purchased 3,907 mortgage loans with a total outstanding principal balance of $312,262,472.22 from Deutsche Bank National Trust Company in its capacity as Indenture Trustee for IndyMac Home Equity Mortgage Loan Asset Backed Trust Series 2007-H1.

16.      At the time of the purchase, CIT was the servicer of record for 2,866 of the mortgage loans (73.3%) with a total outstanding principal balance of $232,239,109.47.

**Transfer Data**

17.     CIT has acknowledged GHIC's purchase and the associated transfer of ownership of the Mortgage Loans.  However, CIT has failed and refused to provide the usual, customary and standard servicing transfer data to allow GHIC to properly service the Mortgage Loans.

18.     To date, CIT has failed to provide the required servicing transfer data for 2,866 Mortgage Loans with a principal balance owed of $232,239,109.47

**Loan Documentation**

19.     In addition, on information and belief, CIT is in possession of the loan documentation for a majority of the Mortgage Loans, making CIT the current loan document custodian. However, CIT has failed to respond to GHIC's repeated requests to transfer the loan documentation in its possession, *i.e.*:

| Loan File Status | # of Accounts | Principal Balance Owed | % of Accounts |
|---|---|---|---|
| Loan File Received | 1,016 | $83,647,975.54 | 35.5% |
| Loan File Not Received | 1,850 | $148,591,133.93 | 64.5% |

20.     As a result of CIT's failure and refusal to provide the loan servicing transfer data and the loan documentation, GHIC has been frustrated in its efforts to obtain proper servicing transfer data and loan documentation, rendering the Mortgage Loans substantially worthless.

**Loan Forgiveness**

21.     CIT has acknowledged that it has forgiven some Mortgage Loans by releasing borrowers from liability, by debt forgiveness, by issuing to borrowers satisfactions of mortgages, lien releases and/or IRS Form 1099-c (cancellation of debt), all without the knowledge or consent of GHIC.  Moreover, CIT has failed and refused to identify the specific loans affected.

22.     Despite the fact it has released some loans, CIT provided a schedule of "unpaid principal balances" for each loan, all showing a positive amount due, thereby concealing from GHIC the fact that CIT had released some of the Mortgage Loans, making them uncollectible.

23.     CIT is the only party that can identify which loans have been forgiven or released and the remaining liability, if any, on the Mortgage Loans.  It has failed and refused to do so.

24.     Without the transfer data, and loan documentation and identification of the released loans, GHIC is unable to enforce its rights in the Mortgage Loans.

**Rights of the Parties**

25.     As purchaser of the Mortgage Loans, GHIC has the right to possession of the loan transfer data and loan documentation.

26.      As loan servicer, CIT has the obligation to provide to GHIC loan transfer data and documentation for the Mortgage Loans.

27.     CIT has no right to the loan transfer data or the documentation for the Mortgage Loans which are the property of GHIC.

28.     CIT has no right to release or discharge any of the obligors on the Mortgage Loans.

## CLAIMS FOR RELIEF

### Count I:
### INJUNCTION

29.     Plaintiff repeats and realleges the allegations set forth in ¶¶ 1-27 as though fully set forth herein.

30.     CIT's conduct has caused GHIC irreparable harm.

31.     GHIC has no adequate remedy at law.

32.     The balance of hardships weighs in favor of granting GHIC permanent mandatory injunctive relief.

33.     The public interest would not be disserviced by an award of permanent mandatory injunctive relief.

34.     GHIC requests an award of permanent mandatory injunction relief as specifically set forth in Paragraph "A" of the WHEREFORE clause.

**Count II:**
**REPLEVIN**

35.     Plaintiff repeats and realleges the allegations set forth in ¶¶ 1- 33 as though fully set forth herein.

36.     CIT is in the possession of loan documentation and loan transfer data (the "Property").

37.     GHIC has a superior right to the Property.

38.     CIT has refused to return the property.

39.     GHIC has been damaged in an amount in excess of $75,000.

**Count III:**
**CONVERSION**

40.     Plaintiff repeats and realleges the allegations set forth in ¶¶ 1- 38 as though fully set forth herein.

41.     GHIC has the right to possession of the Property.

42.     The Property is in the unauthorized possession of CIT.

43.     CIT has acted to exclude the rights of GHIC in and to the Property.

44.     GHIC has been damaged in an amount in excess of $75,000.

6

**WHEREFORE**, plaintiff seeks the following relief:

(A)     A permanent mandatory injunction directing CIT to deliver to GHIC:

    a.   critical servicing transfer data for each of the Mortgage Loans, including the following data fields:

        i.   Primary Borrower Social Security Numbers

        ii.   Co-Borrower Social Security Numbers

        iii.   Unpaid Principal Balance

        iv.   Last Payment Received Date

        v.   Interest Paid Through Date

        vi.   Next Payment Due Date

        vii.   Transaction History (including posting date and amount of any payments received, posting date and amount of any balance adjustments and reason for such balance adjustment)

        viii.   Copies of all correspondence mailed to consumers (including monthly statements, 'hello' letters, demand letters, debt settlement letters, debt forgiveness letters and related)

        ix.   Copies and schedules of any lien releases or satisfactions of debt filed and recorded by CIT, OneWest Bank or any affiliated entity

        x.   Copies and schedules of any IRS Form 1099-c filed by CIT, OneWest Bank or any affiliated entity

    b.   All loan files in the possession of CIT Bank including:

        i.   Original Note (or Lost Note Affidavit with a copy of the original Note)

        ii.   Complete chain of title (endorsements/allonges) for the Note

    iii.   Original, recorded Mortgage / Deed

    iv.   Original copies of all Assignments of the Mortgage / Deed

    v.   A schedule of all loan files for any of the Mortgage Loans that had

    been, but which no longer are, in CIT's possession.

(B)    Damages in an amount to be determined at trial but in excess of $75,000 plus

costs and interest; and

(C)    Such further relief as this Court deems proper.

Dated: July 12, 2021

 

_____

Gary Greenberg, Esq.
666 Third Avenue, 10th Floor
New York, New York 10017
Tel: (212) 765-5770
Fax: (917) 591-6898
gg@ggreenberglaw.com

Attorney for Plaintiff
Gulf Harbour Investments Corporation